In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00127-CV
_____

JIMMY LEE MENIFEE, Appellant

V.

CAROL CHANDLER, Appellee

On Appeal from the County Court at Law No. 3
Dallas County, Texas
Trial Cause No. CC-20-00582-C

## ORDER

Appellant, Jimmy Lee Menifee, filed a motion to stay the execution of a writ of possession in an eviction case.[1] Appellant has not shown that he superseded the

---

[1] Menifee's appeal was transferred to this Court under a docket equalization order.

1

judgment, as required by statute.[2] Furthermore, Appellant neither properly authenticated his supporting documentation nor certified that that he has complied with his obligation to inform the appellee that he is seeking relief from this Court.[3] It appears, however, that a writ of possession might be executed in violation of the Texas Supreme Court's Ninth Emergency Order Regarding the COVID-19 State of Disaster, which prohibits the posting of the written warning required by section 24.0061 of the Property Code and the execution of the writ of possession until after May 7, 2020.[4]

When an appeal is perfected, we may make such orders as are necessary to preserve the parties' rights until disposition of the appeal.[5] The Court finds temporary relief is necessary to prevent undue prejudice. It is ORDERED that the execution on writ of possession in Cause No. CC-20-00582-C is STAYED until May 7, 2020 or until further order of this Court. No bond is required of the appellant as a condition to any relief herein granted.

---

[2] *See generally* Tex. Prop. Code Ann. § 24.007 ("A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court.").

[3] *See generally* Tex. R. App. P. 9.5; 10.

[4] *See* Ninth Emergency Order Regarding the Covid-19 Disaster, No. 20-9052 (Tex. Apr. 6, 2020).

[5] *See* Tex. R. App. P. 2, 24.4(c).

We ORDER the appellant to amend his motion to comply with the conference, verification, and authentication provisions of Rule 10 and the service requirements of Texas Rule of Appellate Procedure 9.5. The supporting evidence must include the trial court's order, the writ of possession, and any trial court motions or orders regarding superseding the judgment. The amended motion is due Wednesday, April 29, 2020. The appellee may file a response to the amended motion on or before Monday May 4, 2020.

MOTION FOR TEMPORARY RELIEF GRANTED.

ORDER ENTERED April 24, 2020.

PER CURIAM

Before McKeithen, C.J., Kreger, and Horton, JJ.